# In the United States Court of Federal Claims

No. 21-1075
Filed: January 21, 2022

|  |  |
|---|---|
| DEBRA BLACKWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*Michael Fallings, Jr.,* Tully Rinckey PLLC, Austin, TX, for plaintiff.

*Ebonie I. Branch,* U.S. Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

### *Smith, Senior Judge*

This matter is before the Court on defendant's Motion to Dismiss.  Plaintiff, Debra Blackwell, brings claims against the United States Department of Homeland Security, Customs and Border Protection ("CBP" or the "Agency") under the Equal Pay Act ("EPA") and the Customs Officer Pay Reform Act ("COPRA") for failure to pay overtime compensation.  *See generally* Plaintiff's Opposition to Defendant's Motion for Partial Dismissal and to Strike, Exhibit ("Ex.") 1, ECF No. 26 [hereinafter Am. Compl.].  In response, defendant filed a motion to partially dismiss plaintiff's EPA claims for lack of subject-matter jurisdiction.  *See* Defendant's Motion to Dismiss, ECF No. 23 [hereinafter Def.'s Mot. to Dismiss].  Defendant also moved to strike plaintiff's COPRA claim, or dismiss in whole or in part, under various Rules of the Court of Federal Claims ("RCFC").  *Id.*

For the reasons set forth below, the Court grants defendant's Motion to Partially Dismiss plaintiff's EPA claims under RCFC 12(b)(1) and dismiss plaintiff's COPRA claim under RCFC 12(b)(6).

### I.    Background

#### A.  Factual History

Debra Blackwell has worked for CBP and its predecessor, the Immigration and Naturalization Services, since 1988.  Am. Compl. at 3.  Over the course of her three-decade career with the agency, she developed an expertise in Immigration and Nationality Law.  *Id.* Plaintiff alleges that, despite her experience and expertise, she faces unequal treatment in the

workplace because she is a woman. *Id.* at 7. This alleged discrimination is the basis for her claims before this Court. *Id.*

Plaintiff works in CBP's Houston field office, where she has served as a "Supervisory Program Manager" since 2006. Am. Compl. at 3. She is responsible for "providing guidance to [CBP] supervisors" on "activities related to the arrival and departure of persons." *Id.* Her duties include "supervising [a] staff of three, answering calls, reading situational awareness emails, providing guidance regarding the admissibility decisions of passengers, interpreting CBP policy and addressing complaints or concerns from internal and external stakeholders." *Id.* at 3–4. Plaintiff alleges that as a supervisor, she worked "beyond normal duty hours and on the weekends." *Id.* at 4. Plaintiff estimates that she has worked an average of 10 additional hours per week outside of her normal work schedule since March 2006. *Id.* Plaintiff alleges she was never compensated for this overtime. *Id.*

In September 2019, plaintiff discovered that a male colleague with similar responsibilities received overtime pay for work performed in Fiscal Year 2017 through Fiscal year 2019. *See* Am. Compl. at 5; Plaintiff's Response at 2, ECF No. 26 [hereinafter Pl.'s Resp.]. This male employee is a "Border Security Coordinator" who performs "the same duties for the same supervisors in the same office" as plaintiff. Pl.'s Resp. at 2, 8. Plaintiff estimates the male employee "earned $42,943.05 in overtime pay during Fiscal Year (FY) 2019" for performing duties, like plaintiff, outside regularly scheduled work hours. Am. Compl. at 5.

A little over a week after learning of her male colleague's overtime pay, plaintiff filed an "informal administrative grievance" with the Agency. Am. Compl. at 5; Plaintiff's Exhibit. 2, ECF No. 17 [hereinafter Pl.'s Ex. 2]. The grievance alleged that the Agency failed to "compensate [plaintiff] in the same fashion as [her male colleague]," and requested the Agency pay her overtime and back pay. Am. Compl. at 5. Plaintiff's grievance did not argue that she qualified for overtime under COPRA. *See* Pl.'s Ex. 2. In response, the Agency stated there was no discrimination in pay between plaintiff and her male colleague. *See* Plaintiff's. Exhibit. 3, ECF No. 17 [hereinafter Pl.'s Ex. 3]. Plaintiff's supervisor explained that the pay discrepancy was due to differences in their job duties. *See id.* Specifically, the letter noted "the vast majority of the overtime earned by [the male colleague] was earned on deployments as a function of his emergency management responsibilities and expertise." *Id.* Additionally, the Agency stated that plaintiff is not eligible for overtime pay under COPRA because she is "not a customs officer as defined in 19 USC 267." *Id.* Accordingly, the Agency denied plaintiff's request for compensation. *Id.*

**B. Procedural History**

On September 18, 2020, plaintiff filed suit against the Agency in the United States District Court for the Southern District of Texas, alleging violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1). *See* District Court Complaint, ECF No. 1. Defendant moved to dismiss plaintiff's claim for lack of subject-matter jurisdiction, arguing the proper forum for plaintiff's suit is this Court. *See* Defendant's Motion to Dismiss District Court Complaint at 2, ECF No. 6. Plaintiff transferred her complaint, *see* Plaintiff's Motion to Transfer Complaint, ECF No. 8, and

in doing so, added a claim for unpaid overtime compensation under COPRA, 19 U.S.C. § 267(a)(1). *See* Transfer Complaint at 9–11, ECF No.17 [hereinafter Transfer Compl.]. Plaintiff's complaint does not specify a dollar amount or period of time in which she seeks damages; rather, she seeks compensation "for loss of promotional potential, reputation, lost wages, [and] lost job benefits she would have received," and alleges that she has not been paid overtime since she began her current role in 2006. Transfer Compl. at 11; Am. Compl. at 11.

Before this Court, defendant filed a motion to dismiss all of plaintiff's EPA claims accruing prior to September 18, 2018 as barred by the Act's two-year statute of limitations. Def.'s Mot. to Dismiss at 6. In that same motion, defendant also moves to strike plaintiff's COPRA claim, arguing that the claim was improperly added to the Transfer Complaint. *Id.* at 8. Alternatively, defendant argues that plaintiff's COPRA claim should be dismissed under RCFC 12(b)(6), or partially dismissed under RCFC 12(b)(1) as time-barred under the Tucker Act's six-year statute of limitations. *Id.* at 8–11.

When plaintiff responded to defendant's Motion, she filed an amended complaint as an exhibit that also asserted the COPRA claim. *See* Am. Compl. Plaintiff argues in her Response that her EPA claims were timely filed, and that the Agency willfully violated the Act by "disregarding [plaintiff's] concerns and [denying] her grievances regarding the equal pay violations." *See* Pl.'s Resp. at 4. Plaintiff also argues in her Response that she qualifies for COPRA overtime because she is a "customs and border protection officer" as defined in the statute governing the Federal Employee Retirement System. *Id.* at 8. In its Reply, defendant reiterated its arguments in support of its Motion and objects to the way plaintiff has amended her Complaint. *See generally* Defendant's Reply, ECF No. 27 [hereinafter Def.'s Reply]. Defendant's Motions are fully briefed and ripe for review.

## II.     Standard of Review

Jurisdiction is a threshold matter that the plaintiff must establish by a preponderance of the evidence. *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016).[1] When considering a motion to dismiss for lack of subject-matter jurisdiction, the "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If a claim is barred by a statute of limitations, this court does not have subject-matter jurisdiction. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136 (2008); *Chisolm v. United States*, 82 Fed. Cl. 185, 192 (2008). If the "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." R. Ct. Fed. Cl. 12(h)(3).

Similarly, when considering a motion under RCFC 12(b)(6), the court "must accept as true all the factual allegations in the complaint" and "must indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir.

---

[1]     The Tucker Act, 28 U.S.C. § 1491 provides this court with jurisdiction over *timely* claims brought under the Equal Pay Act, 29 U.S.C. § 206(d)(1). *See, e.g., Beberman v. United States,* 129 Fed. Cl. 539, 544–45 (2016) (citing *Harbuck v. United States*, 378 F.3d 1324, 1330 (Fed. Cir. 2004)).

2001) (citations omitted).  The court need not accept legal conclusions "cast in the form of factual allegations," or "conclusory allegations that lack supporting facts."  *Mod. Sportsman, LLC v. United States*, 145 Fed. Cl. 575, 581 (2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Ultimately, if "the facts asserted by the claimant do not entitle [her] to a legal remedy," the court will dismiss the claim.  *Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019).

## III.    Plaintiff's Equal Pay Act Claims

Plaintiff claims CBP violated the EPA's prohibition against gender-based wage discrimination by compensating her male colleague for overtime while not doing the same for her.  *See* Am. Compl. at 6–8.  Defendant argues the Act's statute of limitations bars plaintiff's claims accruing before September 18, 2018.  *See* Def.'s Mot. to Dismiss at 5.  Accordingly, for this Motion the Court must determine the extent to which the Act's statute of limitations precludes plaintiff's recovery.

### A.  Equal Pay Act's Statute of Limitations

The EPA prohibits employers, including the federal government, from discriminating between employees "on the basis of sex" when paying wages.  *See* 29 U.S.C. § 206(d)(1).  The Act provides employees a cause of action against employers for violations, but these claims must commence "within two years after the cause of action accrued," 29 U.S.C. §§ 216(b) (Fair Labor Standards Act), 255.[2]  Any claim "arising out of a *willful* violation," however "may be commenced within *three* years after the cause of action accrued."  29 U.S.C. § 255 (emphasis added).

An employer commits a willful violation when it "knew or showed reckless disregard" for "whether its conduct was prohibited by the [EPA]."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also* 5 C.F.R. § 551.104.  "Reckless disregard" means failing "to make adequate inquiry into whether conduct is in compliance with the Act."  *See* 5 C.F.R. § 551.104; *see also Angelo v. United States*, 57 Fed. Cl. 100, 109 (2003) (observing that the Supreme Court in [*McLaughlin*] created a higher standard for showing a willful violation than is required by the regulation implementing the EPA).  "All of the facts and circumstances surrounding the violation are taken into account" when making this determination.  5 C.F.R. § 551.104.

Plaintiff has the burden of proving a willful violation.  *See Kaplan v. United States*, 126 Fed. Cl. 72, 86 (2016).  To do so, plaintiff must show that, in violating the EPA, the employer completely disregarded the law.  *See Marrs v. United States*, 135 Fed. Cl. 155, 161–62 (2017) (observing that even a knowing violation of the law might escape the bounds of 'willfulness' under § 255).  The court will not find an employer was willful if it "acts reasonably in determining its legal obligation."  *Bull v. United States*, 479 F.3d 1365, 1379 (Fed. Cir. 2007) (citing *McLaughlin*, 486 U.S. at 135 n.13).  Even if an employer "acts unreasonably, but not

---

[2]    For purposes of this opinion, the Court refers to 29 U.S.C. § 255 as the EPA's statute of limitations.  *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 131 (1988) (observing that the statute of limitations provision in the Portal-to-Portal Act, 29 U.S.C. § 255 applies to, *inter alia*, the EPA and the Fair Labor Standards Act).

recklessly, in determining its legal obligation," then its action "should not be considered [willful]." *Id.*

Courts strictly adhere to the Equal Pay Act's statute of limitations. *See, e.g.*, *Santiago v. United States*, 107 Fed. Cl. 154, 158 (2012) (stating that a "claim brought under the [EPA] must be filed within two years from the time it first accrues, or in the case of a willful violation, within three years from such accrual."). Because "each deficient paycheck gives rise to a separate violation," each violation "must have occurred within the limitations period in order to be actionable." *Lange v. United States*, 79 Fed. Cl. 628, 629 (2007) ("[EPA] claims are not subject to the continuing violation doctrine."). For a plaintiff to succeed on EPA claims challenging years of deficient paychecks, she must bring an action for *each* paycheck within the limitations period. *Jordan v. United States*, 122 Fed. Cl. 230, 239–40 (2015).

### B. Equal Pay Act Analysis

Defendant argues that the Court should dismiss plaintiff's EPA claims accruing before September 18, 2018 because plaintiff failed to commence an action for those claims within the limitations period. *See* Def.'s Mot. to Dismiss at 5–8. Defendant further argues that plaintiff "failed to allege sufficient facts demonstrating that the violations are 'willful' as required by § 255(a)" for the three-year limitations period to apply. *Id.* at 6. Defendant notes that plaintiff "generally characterizes the Agency's conduct as 'intentional, deliberate, willful, malicious, reckless, and in callous disregard of [her] rights,'" but that "the complaint is devoid of facts demonstrating that CBP knew that its alleged conduct violated the EPA or that CBP showed reckless disregard of the EPA's requirements." *Id.*

In response, plaintiff argues that dismissal of her EPA claims are inappropriate because her claims are timely. Pl.'s Resp. at 3. Additionally, plaintiff argues that defendant's conduct was "willful" because CBP "was not only aware of, but recklessly disregarded its violations of the Equal Pay Act." Pl.'s Resp. at 4. Plaintiff also notes that her complaint "specifically allege[d] that Defendant discriminated against her by engaging, tolerating or failing to prevent discrimination and by failing to take action to correct and redress the unlawful employment practices perpetrated against Plaintiff." *Id.*

The Court agrees with defendant that the EPA's statute of limitations precludes plaintiff from recovering any damages for the period prior to September 18, 2018. Plaintiff alleges delinquent overtime pay extending back to March 2006. *See* Am. Compl. at 4. She filed her initial complaint in the Southern District of Texas on September 18, 2020. *See* Def.'s Mot. to Dismiss at 6 (defendant agrees this date is the measuring date for determining the statute-of-limitations period). Additionally, because each deficient paycheck is an independent violation of the statute, plaintiff must challenge each paycheck within two years of receiving the paycheck for those claims to proceed. *See Jordan*, 122 Fed. Cl. at 239; *Santiago*, 107 Fed. Cl. at 159; *Lange*, 79 Fed. Cl. at 629. Given this, all plaintiff's claims accruing prior to September 18, 2018—two years from the date she filed her first complaint in district court—are time barred unless the Agency's conduct was willful. If so, plaintiff can assert claims extending back an additional year, to September 18, 2017. *See McLaughlin*, 486 U.S. at 132; *Adams v. United States*, 350 F.3d 1216, 1229 (Fed. Cir. 2003).

The Court agrees with defendant that plaintiff has not alleged sufficient factual matter to plausibly assert that the Agency's conduct was willful.  When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  *Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1354 (Fed. Cir. 2018).  But plaintiff must allege sufficient facts to establish this court's jurisdiction.  *Mod. Sportsman, LLC*, 145 Fed. Cl. at 581. Mere "formulaic recitations of the elements of a cause of action alone will not withstand a motion to dismiss." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, plaintiff's allegations fail to establish that the Agency acted willfully in denying her request for overtime compensation.  On learning of plaintiff's concerns of discriminatory treatment, plaintiff's supervisor investigated the allegations, determined the discrepancy in pay was based on the male coworker's different job duties, and then informed plaintiff of the findings.  *See* Pl.'s Resp. Ex. 2, 3.  While plaintiff may disagree with the Agency's conclusion, such disagreement does not convince the Court that the Agency acted "willfully" or "recklessly." *See Brock v. Claridge Hotel and Casino*, 846 F.2d 180, 188, n.9 (3d Cir. 1988) (holding that an employer does not act 'willfully' under § 255 by merely disagreeing with the employee over allegations of a violation.); *see also Abbey v. United States*, 106 Fed. Cl. 254, 265 (2012) (observing that even a "negligent and unreasonable" determination of obligations was not willful).  Other than noting that the Agency failed to pay her overtime and then denied her grievance, plaintiff's characterizations of the Agency's conduct amount to little more than bare legal conclusions.  *See* Pl.'s Resp. at 4.  Absent additional factual allegations demonstrating willful conduct by the Agency, plaintiff's mere recitations of the element of her claim are insufficient to survive a motion to dismiss.  *See Crow Creek Sioux Tribe*, 900 F.3d at 1354–55; *Mod. Sportsman, LLC*, 145 Fed. Cl. at 581.

Thus, because plaintiff's Complaint fails to provide sufficient factual allegations that the Agency willfully violated the EPA, all plaintiff's claims accruing before September 18, 2018 are barred by the Act's two-year statute of limitations.

## IV.   Plaintiff's COPRA Claim

Plaintiff also brings a claim for unpaid overtime under the Customs Officer Pay Reform Act ("COPRA"), 19 U.S.C. § 267.  *See* Am. Compl. at 9–11.  Defendant filed a motion to strike plaintiff's COPRA claim under RCFC 12(f)(2), dismiss the claim under RCFC 12(b)(6), or partially dismiss it under RCFC 12(b)(1).  *See* Def's Mot. to Dismiss at 1. The Court addresses defendant's 12(b)(6) argument below.

### A.  Customs Officers Under COPRA

COPRA provides that CBP "customs officer[s]" receive a specific type of overtime compensation.  *See* 19 U.S.C. § 267(a)(1).  They must be compensated at "2 times the hourly rate" of their base pay when "officially assigned to perform work in excess of 40 hours in the administrative workweek" or "in excess of 8 hours in a day." *Id.*  But not all CBP employees are "customs officers."  An employee qualifies for overtime under COPRA if they perform "those

functions *specified by regulation* by the Secretary of the Treasury." 19 U.S.C. § 267(e)(1) (emphasis added).

The regulations prescribe a list of eight positions that are "customs officers" eligible for COPRA overtime compensation. *See* 19 C.F.R. § 24.16(b)(7). Only those positions specifically enumerated are entitled to overtime under COPRA. *See Adams v. United States*, 141 Fed. Cl. 428, 440 (2019) (holding that "border patrol agents that are canine handlers" are not entitled to COPRA overtime compensation because their position title was not listed in 19 C.F.R. § 24.16(b)(7)); *see also Assignment of Supervisory Personnel to COPRA Overtime Handbook*, Pl.'s Ex. 1 at 4 (stating that the employee seeking COPRA overtime compensation "must be a customs officer as defined under 19 C.F.R. § 24.16(b)(7)."). If an employee's position is not on the list, they are not entitled to COPRA overtime. *Adams*, 141 Fed. Cl. at 440.

The Federal Employee Retirement System ("FERS") has its own definition for "customs and border protection officer." *See* 5 U.S.C. § 8331(31). These are employees in the Department of Homeland Security "who hold[] a position within the GS-1895 job series . . . or any successor position," and "whose duties include activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry." 5 U.S.C. § 8331(31); *see also* 5 C.F.R. § 831.1602. This definition also includes employees who "transferred directly to a supervisory or administrative position in the Department of Homeland Security," and previously served in certain positions "for at least 3 years." 5 U.S.C. § 8331(31).

### B. COPRA Analysis

Defendant argues plaintiff's COPRA claim fails as a matter of law because plaintiff is not a "customs officer." Def.'s Mot. to Dismiss at 9–10. Specifically, defendant argues plaintiff "is not assigned to one of those position descriptions" that qualify for overtime pay, and "consequently, is not entitled to COPRA overtime." *Id.* at 10. In response, plaintiff argues she is entitled to COPRA overtime because she meets the definition of "customs and border protection officer" under the FERS statute. Pl.'s Resp. at 8. Plaintiff argues the Court should look to this definition—rather than the one adopted specifically to implement COPRA overtime pay—because it "is the method by which the Defendant distinguishes between customs officers and non-customs officers." *Id.*

Plaintiff's arguments are unconvincing. COPRA's implementing regulations contain specific position titles defining which employees qualify for overtime pay as customs officers. *See* 19 U.S.C. § 267(e)(1); 19 C.F.R. § 24.16(b)(7) (listing which positions qualify for COPRA overtime). Notably absent from that list is "Supervisory Program Manager," plaintiff's title. Am. Compl. at 3. Because plaintiff's position is not listed, plaintiff cannot rely on COPRA to support her claim. *Adams*, 141 Fed. Cl. at 440; *see also Assignment of Supervisory Personnel to COPRA Overtime Handbook*, Pl.'s Resp. Ex. 1 at 4.[3]

---

[3]     The Court notes that, based on the facts pled in the Complaint, plaintiff's male coworker also has a position title not specifically enumerated in 19 C.F.R. § 24.16(b)(7). *See* Pl.'s Resp. at 8. For purposes of whether plaintiff has a viable COPRA claim, it is irrelevant whether

Plaintiff's invocation of FERS fails to help her cause. Congress provided a specific definition of "customs officer" to use in the COPRA overtime context. *See* 19 U.S.C. § 267(e)(1). How Congress defines "customs and border security officer" for the purposes of the Federal Employee Retirement System does not affect how "customs officer" is used in COPRA's overtime compensation scheme. The Court agrees that nothing in either COPRA or its implementing regulations "incorporates the definition of 'customs and border protection officer' from . . . the regulation implementing FERS." Def.'s Reply at 8. The Court therefore will not substitute the specific COPRA definition of "customs officer" with the general FERS definition of "customs and border protection officer." *See Arzio v. Shinseki*, 602 F.3d 1343, 1347 (Fed. Cir. 2010) ("A basic tenet of statutory construction is that a specific statute takes precedence over a more general one."); *Adams*, 141 Fed. Cl. at 440. Thus, the Court agrees with defendant that plaintiff has failed to state a claim under COPRA that entitles her to a legal remedy. Accordingly, the Court must dismiss plaintiff's COPRA claim under RCFC 12(b)(6).

## V.    Conclusion

For the reasons set forth above, defendant's Motion to Partially Dismiss plaintiff's EPA claims pursuant to RCFC 12(b)(1) and dismiss plaintiff's COPRA claim pursuant to RCFC 12(b)(6) is **GRANTED-IN-PART**. Additionally, after careful review, defendant's remaining request to strike plaintiff's Amended Complaint is hereby **DENIED-IN-PART**.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith
Senior Judge

---

plaintiff's male colleague should, or should not have, received overtime compensation under COPRA. This Court does not have the authority to grant plaintiff's requested relief on that basis alone. *See Dawson v. United States*, 116 Fed. Cl. 664, 670 (2014) (citing *United States v. King*, 395 U.S. 1, 4 (1969)) ("[T]he court cannot reclassify employees into different positions.").